IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARQUIS KINGSBURY | § | |
| VS. | § | CIVIL ACTION NO. 9:22-cv-127 |
| JOHN DOE, ET AL. | § | |

ORDER TO ANSWER<br>AND SCHEDULING ORDER

The civil rights Complaint filed by Plaintiff in the above-styled cause having been referred to the undersigned United States Magistrate Judge for consideration. After screening the complaint, the court has decided that Plaintiff states factual allegations which, if true, may state a cause of action under Title 42 U.S.C. § 1983. It is therefore

**ORDERED** that the Defendants shall have 40 days within which to answer or otherwise plead to Plaintiff's Complaint (doc. #1) and Amended Complaint (doc. #21). The unnamed John Doe defendants can be identified through records in the custody and control of Defendant Warden D. Dickerson or officials at the Polunsky Unit and/or TDCJ, including the use of force report for July 22, 2021 and any contemporaneous records created about the incident giving rise to this lawsuit.

Pursuant to the written consent of the Texas Attorney General's Office, copies of the complaint, attachments, and orders will be served electronically upon the Texas Attorney General, counsel for the defendants, and will be directed to the attention of gloria.chandler@oag.texas.gov, elizabeth.mejia@oag.texas.gov, and led_docket@oag.texas.gov. *See* FED. R. CIV. P. 5(b)(2)(E). Additionally, it is

**ORDERED** that within 30 days after an answer or other responsive pleading or motion is filed, the parties are to disclose to each other all information relevant to the claims or defenses of any party in accordance with FED. R. CIV. P. 26(a). The parties shall promptly file a notice of disclosure after such disclosure has taken place. No further discovery will be allowed except on further order

of the court. Conferences under Rule 26(f) and 16(b), FED. R. CIV. P., are not required except on further order of the court. It is further

**ORDERED** that within 60 days after the answer is filed with the court, the defendants shall file any motion for summary judgment they may have limited to the defense of exhaustion of administrative remedies. A response to any motion for summary judgment limited to the defense of exhaustion of administrative remedies shall be due no later than 20 days after the filing of the motion for summary judgment limited to the defense of exhaustion of administrative remedies. If the defendants' motion for summary judgment based on the defense of exhaustion of administrative remedies is denied, the parties shall, within 30 days of the denial, file motions for summary judgment on issues other than exhaustion of administrative remedies in support of their respective positions, to the extent that undisputed issues of fact exist and the moving party contends he is entitled to judgment as a matter of law. If a motion for summary judgment concerning exhaustion is not filed, the parties shall have 90 days from the date the answer is filed to file a motion for summary judgment on issues other than exhaustion. Any response to a motion for summary judgment shall be due no later than 20 days after the filing of the motion for summary judgment. Finally, it is

**ORDERED** that within 120 days after the answer is filed with the court, the parties shall submit to the court and opposing counsel a list of the names and addresses of the witnesses whom they propose to call at trial, together with a detailed, narrative summary of each proposed witnesses' testimony. The parties are placed on notice that failure to submit a timely detailed witness statement summary could result in the exclusion of that witness from the hearing or trial.

The parties shall also submit to the court and opposing counsel, within 120 days after the filing of the answer, a list of all exhibits which the parties propose to offer into evidence at trial. The parties are placed on notice that failure to submit a timely exhibit list setting out the contents of each exhibit may result in the exclusion of some or all exhibits from the hearing or trial.

The parties are advised that the court's use of the word "answer" in the deadlines set forth above includes any motion under Fed. R. Civ. P. 12, and the filing of such a motion will not impact the deadlines set forth herein.  Finally, as this action need not remain on the court's active docket pending the identification and service of unnamed defendants, it is

**ORDERED** that the above-styled action is **CLOSED** pending identification and service of the unnamed John Doe defendants.  The case will be restored on the court's active docket upon identification and service of such defendants.

SIGNED this 22nd day of May, 2025.

_____
Zack Hawthorn
United States Magistrate Judge