IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARQUIS KINGSBURY,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION 9:22-CV-127 |
| JOHN DOE, et al.,<br>    *Defendants.* | §<br>§<br>§ | |

**DEFENDANTS TDCJ AND DANIEL DICKERSON'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants the Texas Department of Criminal Justice ("TDCJ") and Daniel Dickerson ("Dickerson") (together, "Defendants") file this motion to dismiss Plaintiff Marquis Kingsbury ("Plaintiff")'s claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**I.    INTRODUCTION**

Plaintiff is an inmate confined to the custody of TDCJ. Proceeding *pro se* and *in forma pauperis*, Plaintiff filed suit under 42 U.S.C. § 1983 against five unidentified "John Doe" TDCJ officers alleging that they used excessive force against him on July 21, 2021 at the Polunsky Unit. D.E. 1.[1] In a subsequent letter, which the Court construed as an amended complaint, Plaintiff clarified that he also wished to sue TDCJ and Dickerson, former Polunsky Unit Senior Warden and current Deputy Director of TDCJ's Correctional Institutions Division. Plaintiff seeks "immediate release" as well as $1,000,000 in compensatory damages. D.E. 1 at 4. Defendants offer three basis for dismissal. *First*, Plaintiff's claims against TDCJ and Dickerson in his official capacity are barred by sovereign immunity. *Second*, Plaintiff fails to allege any personal involvement by Dickerson in the use of force giving rise to his claims, and his mere position as a supervisor cannot give rise to liability under Section 1983. *Third*, Plaintiff's claims against Dickerson in his individual capacity are barred by qualified immunity.

---

[1] The John Doe defendants have neither been identified nor served.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of a complaint for lack of subject matter jurisdiction. If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCoAlition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal when an opposing party fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

## III. ARGUMENT

### A. Plaintiff's claims against TDCJ and Dickerson in his official capacity are barred by sovereign immunity.

The doctrine of state sovereign immunity recognizes the "residual and inviolable sovereignty retained by the states in the Constitution's wake." *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) (quotation omitted). "[T]here are only two circumstances in which an individual may sue a State: when Congress abrogates state sovereign immunity through the Fourteenth Amendment, or when the state itself consents to suit." *Id.* Congress has not abrogated immunity for claims under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 58-59 (1989). Sovereign immunity apples not just to the State itself, but to state agencies and employes sued in their official capacities. *Pennhurst State Sch.*

2

*and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). The only exception is that, under *Ex parte Young*, plaintiffs may seek prospective injunctive relief from state employees in their official capacities to redress an ongoing violation of federal law. *See Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 636 (2022).

Here, all of Plaintiff's claims against TDCJ (a state agency) are barred by sovereign immunity. *See*, *e.g.*, *Mayfield v. TDCJ*, 529 F. 3d 599, 604 (5th Cir. 2008). Similarly, to the extent Plaintiff brings claims for compensatory damages against Dickerson in his official capacity as Polunsky Unit Senior Warden and/or Deputy Director of TDCJ's Correctional Institutions Division, such claims are also barred by sovereign immunity. *Will*, 491 U.S. at 58-59. And finally, to the extent Plaintiff seeks an injunction granting his "immediate release" from custody (D.E. 21 at 4), the *Ex parte Young* exception to sovereign immunity does not apply because Plaintiff's claims arise exclusively from a use of force in 2021, and he fails to allege any ongoing constitutional violation. *Verizon Md. Inc.* 535 U.S. at 636.

### B. Plaintiff fails to allege any personal involvement by Dickerson.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A supervisory official is not liable for an unconstitutional act of his subordinates unless: (1) he affirmatively participated in the act, or (2) he implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). To survive a Rule 12(b)(6) motion, a plaintiff must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under section 1983, as supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Here, Plaintiff does not allege that Dickerson was involved in the use of force giving rise to his claims. Nor does Plaintiff allege that Dickerson implemented any unconstitutional policy which resulted in his injury. Rather, Plaintiff alleges that Dickerson should be held liable as the "overseer of

3

all" at the Polunsky Unit, including uses of force and provision of medical care. D.E. 21 at 1. This type of pure vicarious liability cannot state a claim. *Thompkins*, 828 F.2d at 303; *Iqbal*, 556 U.S. at 663. Plaintiff also alleges that Dickerson failed to investigate the use of force in violation of TDCJ policy (D.E. 21 at 2), but this too cannot state a claim. *E.g.*, *Edmond v. Martin*, 100 F.3d 952 (5th Cir. 1996) ("Edmond's allegation that Sheriff McLeod failed to investigate the alleged use of force does not state a constitutional claim."); *Williams v. Stephens*, 547 F. Appx. 599, 600 (5th Cir. 2013) ("[T]he defendants' mere failure to follow TDCJ[] policy does not amount to a constitutional violation.").[2]

### C. Dickerson is entitled to qualified immunity.

Qualified immunity affords protection to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis is a two-step inquiry. "First, a court must decide whether a plaintiff's allegation, if true, establishes a violation of a clearly established right." *Hernandez ex rel Hernandez v. Tex. Dep't of Prot. & Reg. Servs.*, 380 F.3d 872, 879 (5th Cir. 2004). "Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident." *Id.* To be clearly established, a court "must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013) (internal quotation omitted). "In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Plaintiff has not cleared the first hurdle of this inquiry because he fails to allege any constitutional violation by Dickerson. *See* Section V.D, *supra*. However, even if the Court disagrees,

---

[2] Notably, Plaintiff appears to admit that his claims against Dickerson are on shaky ground. *See* D.E. 21 at 3 ("If the Court doesn't find Warden D. Dickerson to be a defendant in this case, the Court[] may remove him. I felt he was somewhat responsible, so I named him.").

Dickerson is still entitled to qualified immunity because, in 2021, the clearly established law was that prison officials are not responsible for the acts of their subordinates. *Thompkins*, 828 F.2d at 303.

## IV. CONCLUSION

For the above reasons, the Court must dismiss Plaintiff's claims against TDCJ and Dickerson.

Respectfully submitted,

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General of Teas | */s/ Michael J. Calb*<br>**MICHAEL J. CALB**<br>Assistant Attorney General |
| **BRENT WEBSTER**<br>First Assistant Attorney General | Attorney-In-Charge<br>Texas State Bar No. 24077883 |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | Michael.Calb@oag.texas.gov |
| **AUSTIN KINGHORN**<br>Deputy Attorney General for Civil Litigation | Law Enforcement Defense Division<br>Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 463-2080 |
| **SHANNA E. MOLINARE**<br>Division Chief<br>Law Enforcement Defense Division | **COUNSEL FOR TDCJ & DICKERSON** |

## CERTIFICATE OF SERVICE

I, Michael J. Calb, Assistant Attorney General of Texas, certify that a correct copy of the foregoing has been served on Plaintiff by placing it in the United States Mail, postage prepaid, on July 14, 2025 addressed to:

Marquis Kingsbury, TDCJ #2303732
Joe Kegans Intermediate Sanction Facility
707 Top St.
Houston, TX 77002
**PLAINTIFF *PRO SE***

*/s/ Michael J. Calb*
**MICHAEL J. CALB**
Assistant Attorney General